**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JIMMIE RYAN FORD, | : | |
| Plaintiff, | : | Civil No. 11-1423 (RBK) |
| v. | : | |
| | : | **OPINION** |
| ATLANTIC COUNTY JUSTICE | : | |
| FACILITY, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

> JIMMIE RYAN FORD, Plaintiff pro se
> # 188892GR
> Atlantic County Justice Facility
> 5060 Atlantic Avenue
> Mays Landing, New Jersey 08330

**KUGLER**, District Judge

Plaintiff, Jimmie Ryan Ford, a state inmate confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, at the time he submitted the above-captioned Complaint for filing, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, this Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether the

Complaint should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

I.  <u>BACKGROUND</u>

Plaintiff, Jimmie Ryan Ford ("Ford"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: the Atlantic County Justice Facility, Sgt. Montoya, Sgt. Nilson and Sgt. Iris.  (Complaint, Caption and ¶ 3).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Ford alleges that, on or about January 4, 2011, he was placed in I-lock down at the Atlantic County Justice Facility after plaintiff was assaulted by another inmate.  Ford alleges that he was twice punched in the face by another inmate so plaintiff picked up a broom.  Sgt. Montoya took plaintiff to inmate lock down for the month of January 2011.  Ford says that the other inmate was not taken to lock-up, even though he punched plaintiff.

Ford also alleges that Sgt. Iris took plaintiff to the nurse and then to the Somers Point Hospital for treatment.  Ford allegedly received seven stitches from the incident.  He was

2

returned to jail after receiving stitches.  (Compl., ¶¶ 3B and 4).

Ford seeks $ 1.7 million in damages for his injuries and for being placed in lock down for a month.  (Compl., ¶ 5).

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

3

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true,

4

violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly.  Fowler, 578 F.3d at 210.  The Third Circuit now requires that a district court

---

[2]  In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

must conduct the two-part analysis set forth in Iqbal when

presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be
> separated.  The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50].
> Second, a District Court must then determine whether the
> facts alleged in the complaint are sufficient to show that
> the plaintiff has a "plausible claim for relief." [Id.]  In
> other words, a complaint must do more than allege the
> plaintiff's entitlement to relief.  A complaint has to
> "show" such an entitlement with its facts.  See Phillips,
> 515 F.3d at 234-35.  As the Supreme Court instructed in
> Iqbal, "[w]here the well-pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not 'show [n]'-'that
> the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at
> 1949-50].  This "plausibility" determination will be "a
> context-specific task that requires the reviewing court to
> draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this

pro se pleading must be construed liberally in favor of

Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89

(2007).  Moreover, a court should not dismiss a complaint with

prejudice for failure to state a claim without granting leave to

amend, unless it finds bad faith, undue delay, prejudice or

futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-

111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir.

2000).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Ford names Atlantic County Justice Facility ("ACJF") as one of the defendants in this action. However, the ACJF is not an entity cognizable as "person" for the purposes of a § 1983 suit. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994). Therefore, Ford's allegations against the ACJF will be dismissed, and such dismissal will be with prejudice.

IV. ANALYSIS

A. Failure to Protect Claim

Ford appears to be claiming that defendants failed to protect him from harm by the other inmate when they placed Ford

8

with "murderers instead of a pod with psychs!" (Compl., ¶ 4).
An allegation of failure to protect is evaluated under the
Fourteenth Amendment for pre-trial detainees and under the Eighth
amendment for convicted prisoners. See Bell v. Wolfish, 441 U.S.
520, 535 (1979); Fuentes v. Wagner, 206 F.3d 335, 342 (3d Cir.
2000). Under either analysis, the standard is the same - a
defendant violates a plaintiff's constitutional rights if he or
she is deliberately indifferent to plaintiff's rights. See
Burton v. Kindle, 401 Fed. Appx. 635, 637 (3d Cir. 2010)("[W]e
conclude that a pretrial detainee presenting a failure-to-protect
claim must plead that the prison official acted with deliberate
indifference to the detainee's health or safety."); Aruanno v.
Booker, 2008 WL 5070540, at *4 (D.N.J. Nov. 24, 2008)(citing A.M.
ex rel. J.M.K. v. Luzerne County Juvenile Detention Center, 372
F.3d 572, 583 (3d Cir. 2004).

   "Deliberate indifference" is a subjective standard in which the
official knew of a "substantial risk of serious harm" and
disregarded the risk by "failing to take reasonable measures to
abate it." Id. (citing Farmer v. Brennan, 511 U.S. 825, 834
(1994). "To be liable on a deliberate indifference claim, a
defendant prison official must both know of and disregard an
excessive risk to inmate health or safety. The knowledge element
of deliberate indifference is subjective, not objective
knowledge, meaning that the official must actually be aware of
the existence of the excessive risk; it is not sufficient that

the official should have been aware." <u>Beers-Capitol v. Whetzel</u>, 256 F.3d 120, 125 (3d Cir. 2001).

Here, the Complaint is deficient with respect to both the objective and subjective elements of a failure to protect claim. Ford does not allege any facts showing that he faced a substantial risk of assault from other inmates or that defendants knew, or were aware of any risk of assault on Ford.[3]  Therefore, any failure to protect claim based on the January 2011 incident fails as a matter of law, and the claim will be dismissed without prejudice at this time.

B.  <u>Detention Claim</u>

Next, Ford also appears to be asserting that his confinement in detention or "I-lock-down" for the month of January 2011, after the January 4, 2011 incident, violated his constitutional rights.

The Due Process Clause of the Fourteenth Amendment prohibits punishment of a pretrial detainee prior to an adjudication of guilt in accordance with due process of law.  <u>See</u> <u>Bell v.</u>

_____

[3]  At best, Ford's allegations suggest possible negligence by the defendants, and negligence does not satisfy the constitutional standard.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994)("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of [unconstitutional] punishment"); <u>Davidson v.</u> <u>Cannon</u>, 474 U.S. 344 (1986)(prison official who "mistakenly believed that the situation was not particularly serious" did not deprive inmate of a liberty interest); <u>Daniels v. Williams</u>, 474 U.S. 327 (1986) (due process is not implicated by a state official's negligent act causing injury to an inmate).

<u>Wolfish</u>, 441 U.S. at 535; <u>Hubbard v. Taylor</u>, 399 F.3d 150, 166

(3d Cir. 2005).[4]  As the Supreme Court explained,

> [I]f a particular condition or restriction of pretrial
> detention is reasonably related to a legitimate governmental
> objective, it does not, without more, amount to
> "punishment."  Conversely, if a restriction or condition is
> not reasonably related to a legitimate goal-if it is
> arbitrary or purposeless-a court permissibly may infer that
> the purpose of the governmental action is punishment that
> may not constitutionally be inflicted upon detainees qua
> detainees.

<u>Bell v. Wolfish</u>, 441 U.S. at 539 (footnote and citation omitted).

The Supreme Court noted that the maintenance of security,

internal order, and discipline are essential goals which at times

require "limitation or retraction of ... retained constitutional

rights."  <u>Bell</u>, 411 U.S. at 546.  "Restraints that are reasonably

related to the institution's interest in maintaining jail

security do not, without more, constitute unconstitutional

punishment, even if they are discomforting and are restrictions

that the detainee would not have experienced had he been released

while awaiting trial."  <u>Id</u>. at 540.  "In assessing whether the

conditions are reasonably related to the assigned purposes, [a

court] must further inquire as to whether these conditions cause

---

    [4]  "[T]he State does not acquire the power to punish with
which the Eighth Amendment is concerned until after it has
secured a formal adjudication of guilt in accordance with due
process of law. Where the State seeks to impose punishment
without such an adjudication, the pertinent constitutional
guarantee is the Due Process Clause of the Fourteenth Amendment."
<u>Bell v. Wolfish</u>, 441 U.S. at 537, n. 16 (quoting <u>Ingraham v.
Wright</u>, 430 U.S. 651, 671-72, n. 40 (1977)); <u>see</u> <u>also</u> <u>City of
Revere v. Massachusetts General Hospital</u>, 463 U.S. 239, 244
(1983).

[inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." Hubbard, 399 F.3d at 159 (quoting Union County Jail Inmates v. DiBuono, 713 F.2d 984, 992 (3d Cir. 1983)).

The Court of Appeals for the Third Circuit summarized the holding of Bell as follows:

> [A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.

Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007)(citation and internal quotation marks omitted).  Moreover, the Third Circuit "distilled the Supreme Court's teachings in Bell into a two-part test.  "We must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes."  Hubbard, 538 F.3d at 232 (citation and internal quotation marks omitted).  The Court of Appeals further explained that the Fourteenth Amendment standard of unconstitutional punishment, like the Eighth Amendment's cruel and unusual punishments standard, contains an objective component, as well as a subjective component:

> Unconstitutional punishment typically includes both objective and subjective components.  As the Supreme Court explained in Wilson v. Seiter, 501 U.S. 294 [](1991), the objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a

12

      sufficiently culpable state of mind[.]"  <u>Id</u>. at 298 ....
      The Supreme Court did not abandon this bipartite analysis in
      <u>Bell</u>, but rather allowed for an inference of mens rea where
      the restriction is arbitrary or purposeless, or where the
      restriction is excessive, even if it would accomplish a
      legitimate governmental objective.

<u>Stevenson</u>, 495 F.3d at 68.

      Here, the allegations in the Complaint admittedly show that

Ford's detention in lock-up was in response to a security, safety

and disciplinary concern.  Ford was involved in an inmate

altercation that resulted in injury to himself.  Further, he

admits that he had wielded a broom in defense against the other

inmate in the January 4, 2011 incident.  Thus, Ford's restricted

confinement in detention or lock-up was rationally related to a

legitimate non-punitive governmental purpose.

      Moreover, the short duration of plaintiff's confinement in

detention, and the lack of any allegations of adverse conditions

or "genuine privations and hardship over an extended period of

time," require summary dismissal of Ford's Fourteenth Amendment

detention claim at this time.  <u>Hubbard</u>, 399 F.3d at 159.

### V.   CONCLUSION

      For the reasons set forth above, the Complaint will be

dismissed with prejudice, in its entirety, as against defendant

ACJF, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1),

for failure to state a claim upon which relief may be granted.

Further, the Complaint will be dismissed without prejudice, in

its entirety, as against the remaining named defendants, pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to

state a claim upon which relief may be granted at this time.   An

appropriate order follows.


s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: October 5, 2011

14